UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DENNIS A. HARKINS AND YVONNE HARKINS                                         PLAINTIFFS

V.                                                                CIVIL ACTION NO. 3:25-CV-995-DPJ-ASH

RIFT TRANSPORTATION SERVICES, LLC, AND                                       DEFENDANT
SAMWEL M. GUTO

ORDER

On December 30, 2025, Defendants Rift Transportation Services, LLC, and Samwel M. Guto removed this case to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. In their Notice of Removal, Defendants note that the Complaint states that Plaintiffs Dennis A. Harkins and Yvonne Harkins are citizens of Mississippi. Defendants allege that Gato "is an adult resident citizen of the state of Texas." Notice of Removal [1] ¶ 9. As to Rift, they say it is "a Texas Limited Liability Company organized under the laws of the State of Texas" with its principal place of business in Texas." *Id.* ¶ 7. And they aver that "[n]one of its officers or members domicile in Mississippi." *Id.* The allegations as to Rift do not meet Defendants' burden to show that removal is proper by "distinctly and affirmatively alleg[ing]" its citizenship. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008). In particular, "to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). "[N]egative allegations of citizenship," such as Defendants' allegation that no members of Rift are Mississippi domiciliaries, "are insufficient to satisfy the burden of the party asserting diversity." *Bluestone Partners, LLC v. Lifecycle Constr. Servs., LLC*, No. 4:22-CV-422, 2022 WL 22695308, at *1 (E.D. Tex. July 22, 2022).

Additionally, Defendants have failed to comply with Federal Rule of Civil Procedure 7.1 and Local Rule 7(c), which require a nongovernmental entity to file with its initial pleading a Rule 7.1 disclosure statement. Effective December 1, 2022, *every* party or intervenor in a case in which jurisdiction is based on diversity must file a disclosure statement in accordance with Rule 7.1(a)(2). That disclosure statement

> must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). Neither Defendant filed a Rule 7.1 disclosure statement with the Notice of Removal.

Because the Court cannot determine based on the current record whether subject-matter jurisdiction exists, it directs Defendants to file complete Rule 7.1 disclosure statements by January 14, 2026. Additionally, by the same date, Defendants shall file a response to this Order that explains why the case should not be remanded for lack of subject-matter jurisdiction. Failure to comply with this Order may result in the case being remanded with no further notice.

**SO ORDERED AND ADJUDGED** this the 31st day of December, 2025.

        s/ *Andrew S. Harris*
        UNITED STATES MAGISTRATE JUDGE